IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEWANTREZ RESHENTAE HENDERSON, | :: :: | PRISONER HABEAS CORPUS 28 U.S.C. § 2241 |
| Petitioner, | :: :: | |
| v. | :: :: | |
| DARLENE DREW, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:17-CV-335-ODE-LTW |

## FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the federal prison in Atlanta, Georgia pursuant to a judgment of conviction entered in this Court. J., *United States v. Henderson*, No. 1:11-cr-381-ODE-1 (N.D. Ga. Nov. 4, 2011). The Court sentenced Petitioner to ten years' imprisonment for conspiring to traffic cocaine. *Id.* The Court ordered that sentence to run concurrently with the Georgia state sentence Petitioner was serving at the time the Court sentenced him. *Id.*, ECF No. 28.

The date of Petitioner's drug crime was April 22, 2010, and state authorities arrested him the next day. (Doc. 5-1 at 1-2.) At that time, Petitioner was on parole from a Georgia state sentence. (*Id.*) On July 8, 2010, a state court revoked Petitioner's parole and returned him to state prison to complete his original fourteen-year prison term. (*Id.* at 2.)

From December 9, 2010 to December 1, 2011, Petitioner was in federal custody pursuant to a writ of habeas corpus ad prosequendum for purposes of his federal prosecution. (*Id.*) The Bureau of Prisons ("BOP") began Petitioner's ten-year federal sentence on November 2, 2011, the date the Court imposed it, pursuant to the Court's Order that the federal sentence run concurrently to the state sentence. (*Id.*)

The State paroled Petitioner on May 8, 2013. (*Id.*) Petitioner received credit toward his state sentence from the date of his arrest in 2010 until his parole. (*Id.*)

Petitioner, pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Petitioner contends that the time he spent in state custody from April 23, 2010 to May 8, 2013 should count toward his federal sentence. (Doc. 1-1.) To achieve that, Petitioner contends that the BOP should designate, nunc pro tunc, "the state facility to count as a place of federal confinem[e]nt." (*Id.* at 4.) Petitioner complains that the BOP has refused to do that.

Respondent filed a motion to dismiss the habeas petition, supported by the declaration of Deborah Colston, a Management Analyst at the BOP's Designation and Sentence Computation Center. (Docs. 5, 5-1.) Despite the Court granting Petitioner's belated motion for additional time – until June 30, 2017 – to file a response to Respondent's motion, he has not filed one. (*See* Doc. 7.)

2

AO 72A
(Rev.8/82)

A federal prison sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In certain circumstances, a federal prisoner must receive credit toward his federal sentence "for any time he has spent in official detention prior to the date the [federal] sentence commences," but only if the prior detention "has not been credited against another sentence." *Id.* § 3585(b).

In an attempt to avoid § 3585(b)'s prohibition on double credit, Petitioner carefully frames his claim as one for a nunc pro tunc designation and not one seeking credit toward his federal sentence for the time served on his state sentence. (Doc. 1-1.) But the effect of granting the relief Petitioner seeks is the same regardless of the label placed on the claim: Petitioner wants the time he spent in state custody from April 23, 2010 to May 8, 2013, counted toward his ten-year federal sentence. Section 3585(b) prohibits counting the time Petitioner spent in state custody prior to imposition of his federal sentence – April 23, 2010 to November 2, 2011 – toward the federal sentence because that time was credited toward the state sentence. So Petitioner says that he is not seeking credit for that time, but is instead seeking that the

state facility he was in during that time be designated nunc pro tunc as the place of confinement for his federal sentence.

But that is not an available remedy either because the BOP cannot designate a state facility as the place for service of a federal sentence before the federal sentence has been imposed. Petitioner's federal sentence was imposed on November 2, 2011. The Court ordered the sentence to run concurrent to the state sentence Petitioner was serving at that time, i.e., that the federal sentence was to begin on November 2, 2011, even though Petitioner remained in state custody until May 8, 2013. The BOP complied with that order and commenced Petitioner's federal sentence on November 2, 2011. The federal sentence could not commence before that date, and the state facility could not be designated as the place of federal confinement before that date, for the simple reason that the federal sentence did not exist before that date. *See* 18 U.S.C. § 3585(a). The BOP cannot "designate the place of . . . imprisonment" if no "imprisonment" has been imposed. *See id.* § 3621(a)-(b).

In short, there is no legal basis for counting toward the federal sentence the time Petitioner spent in state custody prior to November 2, 2011, whether via a nunc pro tunc facility designation or otherwise. *See Seignious v. Dru*, No. 1:12-CV-4481-TWT, 2013 WL 3322378, at *1-2 (N.D. Ga. June 28, 2013) (so holding in similar case where

AO 72A
(Rev.8/82)

federal prisoner sought credit for time served on state sentence before federal sentence was imposed); *see also Prescod v. Schuylkill*, 630 F. App'x 144, 147 (3d Cir. 2015) (finding "no authority that holds that a *nunc pro tunc* designation would operate to commence a sentence earlier" than the date on which it was imposed); *Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010) (holding that BOP properly began nunc pro tunc designation after federal sentence was imposed because "a federal sentence cannot begin to run earlier than on the date on which it is imposed"). The BOP calculated Petitioner's federal sentence as commencing on November 2, 2011, which is the date it was imposed, and the time Petitioner spent in state custody from April 23, 2010 to November 2, 2011, was credited toward his state sentence. Petitioner has not shown any error in the execution of his federal sentence and, thus, is not entitled to habeas relief.

Accordingly, **IT IS RECOMMENDED** that Respondent's motion to dismiss [5] be **GRANTED**, the petition be **DENIED**, and this action be **DISMISSED**.

**SO RECOMMENDED** this 31 day of July, 2017.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE